UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DORIAN PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1248 HEA |
| | ) | |
| LARRY DENNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Frederick R. Buckles, that Dorian Perry's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [#1], be dismissed. Judge Buckles also recommended that any motion by Petitioner Perry for a Certificate of Appealability be denied. Petitioner filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which

petitioner objects. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is denied.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted

only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See also, *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S. 510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529

U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id*. at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id*. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id*. at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## Discussion

**Claim One**

In his first objection to Judge Buckles' Report and Recommendation, Petitioner reiterates Claim One of his initial Petition and contends that he should have been charged with second degree murder as opposed to the first degree murder charge for which he was convicted. Petitioner argues that the incident

which prompted his arrest was merely a "robbery which went bad and led to the murdering [sic] of Raymond Boyd." Doc. # 31 at 12. Petitioner contends that he did not intend to kill or hurt the victim, it just turned out that way once the "robbery turned into a homicide." *Id.*

Judge Buckles analyzed Petitioner's grounds for relief and the applicable law. In his Report and Recommendation, Judge Buckles analyzed the definition of first degree murder under Missouri law, which states "[a] person commits the crime of murder in the first degree if he knowingly causes the death of another person after deliberation upon the matter." Mo. Re. Stat. § 565.020.1. Judge Buckles cited the Missouri Court of Appeals finding that sufficient evidence was present to convict Petitioner of first degree murder. Of note, the Court of Appeals pointed to the fact that Petitioner shot the victim twice–once in the torso and a second time in the head. According to Petitioner's own testimony, the second shot to the victim's head was because he "took no chance." Additionally, Judge Buckles considered the fact that petitioner returned to the victim's body to loot it after he had already killed him.

In light of Judge Buckles' careful and thorough analysis, the Court finds that Petitioner has failed to establish that the conclusions reached by Judge Buckles are not correct. Accordingly, the Court finds that the decision of the state

court regarding the issues raised in Petitioner's first objection is not contrary to federal law, and is a reasonable application of federal law.

**Claim Two**

Petitioner's second objection to Judge Buckles' Report and Recommendation reiterates Claim Two in his Petition, and states that Petitioner's confession to Detective Nickerson of the St. Louis County Police Department was the result of coercive conduct. Petitioner contends that his will was overborne and he was coerced into confessing as a result of Detective Nickerson's alleged promise of leniency by the "state and federal system." *Id.* at 13. In his objection, Petitioner argues that he "think[s] that this claim to this Report is weak and strongly disagrees with it."

The Missouri Court of Appeals found that Petitioner failed to prove that Detective Nickerson offered an explicit promise of leniency. The appellate court held that because Nickerson's encouragement to cooperate was far from promising leniency, Petitioner's confession was not the product of coercive behavior on behalf of Detective Nickerson. Judge Buckles Report and Recommendation found that the state appellate court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings.

Based on United States Supreme Court precedent, with regard to whether a confession was made voluntarily, the determinative issue is whether the defendant's will was overborne when he confessed. *Lynumn v. Illinois,* 372 U.S. 528, 534 (1963). If so, the confession cannot be deemed a product of rational intellect and free will. *Id.* In the present case, Petitioner has failed to provide any evidence that Detective Nickerson's conduct lead to overbearing Petitioner's free will and rational intellect. As both the Missouri Court of Appeals and Judge Buckles' Report and Recommendation found, Petitioner's interpretation of Nickerson's statement as a promise of leniency "sprang from the seeds of his own planting and is not sufficient to render the resulting confession inadmissable." Resp. Exh. E at 8; Doc. #25 at 13.

In light of Judge Buckles' careful and thorough analysis, the Court finds that Petitioner has failed to establish that the conclusions reached by Judge Buckles are not correct. Accordingly, the Court finds that the decision of the state court regarding the issues raised in Petitioner's second objection is not contrary to federal law, and is a reasonable application of federal law.

**Claim Three**

Petitioner's third objection alleges that the trial court erred when it overruled his objection to the state witness's testimony that Petitioner had a "cold

look" on his face when he shot the victim. Petitioner contends that he is "bemused" by the fact that a witness could testify that Petitioner had a "cold look" when the witness did not even know Petitioner.[1] The Missouri Court of Appeals rightfully reviewed this under the plain error standard and found no error because 1) a witness is permitted to testify about events he personally observed and comprehended; 2) Petitioner received the relief he requested in that his objection was partially sustained and he requested no further relief; and 3) his decision not to request further relief was trial strategy in that he did not want to highlight the inappropriate statement by the witness about Petitioner appearing as though he had killed someone before. Judge Buckles' Report and Recommendation found that there was no obvious error regarding the trial court's admission of the eyewitness's testimony as to what he saw, and what he reasonably inferred from what he saw.

Under Federal Rule of Evidence 701, a lay witness may testify as to opinions or inferences which are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony of the determination of a fact in issue." In the present case, the witness testimony in

---

[1]The portion of witness's statement that Petitioner actually objected to reads as follows: "His face at that time looked like a cold look, like he didn't care, like he had done it before." Resp. Exh. ** at 142-143.

8

question is precisely the type of testimony Fed.R.Evid. 701 aims to cover. The witness's admitted portion of the testimony explaining the look on Petitioner's face is an exact inference rationally based on his perception and helpful to the clear understanding of his testimony. As the state appellate court and Judge Buckles' Report and Recommendation accurately points out, even if the admission of the testimony was erroneous, Petitioner did not demonstrate that the error was significant because he did not show how the outcome of the trial would have differed absent the error. There was still significant, credible evidence that showed Petitioner shot the victim twice–once at close range–and then returned to the body to loot the victim's belongings.

In light of Judge Buckles' careful and thorough analysis, the Court finds that Petitioner has failed to establish that the conclusions reached by Judge Buckles are not correct. Accordingly, the Court finds that the decision of the state court regarding the issues raised in Petitioner's third objection is not contrary to federal law, and is a reasonable application of federal law.

**Claim Four**

Petitioner's fourth objection is based on his claim that he received ineffective assistance of counsel when his trial counsel failed to call certain witnesses on his behalf. In his objection, he claims trial counsel could have called

9

Petitioner's mother, Betty Perry, to corroborate Petitioner's alibi. The Missouri Court of Appeals cited the proper standard for determining whether a criminal defendant has received effective assistance of counsel as set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.*

The state post-conviction court held a hearing on this matter, and Petitioner's trial counsel stated that he chose against the alibi defense because he did not believe it was a viable defense. He was concerned that the alibi defense may anger members of the jury and lead to a death penalty verdict. At the same hearing, counsel called petitioner's mother as a witness and she testified that she never told counsel that Petitioner was with her at the time of the murder. Additionally, Petitioner's brother testified at the same hearing that he was with his brother for part of the night of the murder, but then dropped him off and had no more contact with him for the rest of the evening. Applying the two-pronged *Strickland* test, the Missouri Court of Appeals found that counsel's decision not to call the witnesses was a matter of reaonable trial

strategy. In his Report and Recommendation, Judg Buckles found that the Missouri Court of Appeals decision was not deficient and not contrary to or an unreasonable application of clearly established federal law. The Court agrees with Judge Buckles' careful analysis and reasoning.

Accordingly, Petitioner has not satisfied his burden under the *Strickland* standard to establish ineffective assistance of counsel. The Court finds that the Missouri Appellate Court's decision with regard to Petitioner's fourth claim was not contrary to, and was not an unreasonable application of federal law. Petitioner's fourth objection is therefore overruled.

**Claim Five**

Petitioner's fifth objection is based on his claim that he received ineffective assistance of counsel when his trial counsel failed to object to the prosecutor's question to the detective regarding what he meant when he said that Petitioner had been cooperative "up to a point." Using the *Strickland* two-prong approach discussed above, the Missouri Court of Appeals found that because the defense raised the issue of Petitioner's cooperation with the police during the trial, any objection to the prosecutor's question to the detective regarding cooperation would have been non-meritorious. Additionally, the state appellate court found that trial counsel's performance was not so deficient that it prejudiced Petitioner's defense, thus resulting

11

in an unfair trial. In his Report and Recommendation, Judge Buckles found that the Missouri Court of Appeals' decision was not contrary to or an unreasonable application of clearly established federal law. The Court now adopts Judge Buckles sound reasoning and analysis. Nothing in the record indicates that trial counsel's performance was so deficient that it prejudiced Petitioner's case.

Accordingly, Petitioner has not satisfied his burden under the *Strickland* standard to establish ineffective assistance of counsel. The Court finds that the Missouri Appellate Court's decision with regard to Petitioner's fifth claim was not contrary to, and was not an unreasonable application of federal law. Petitioner's fifth objection is therefore overruled.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that 'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.' *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court finds that Petitioner Perry has not made a substantial showing of the denial of a constitutional right as demonstrated in the record and the above opinion and

memorandum. The Court overrules Petitioner's objections and adopts Judge Buckles's Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Dorian Perry for Writ of Habeas Corpus, [#1], pursuant to 28 U.S.C. § 2254 is dismissed in its entirety;

**IT IS FURTHER ORDERED** that any motion by Petitioner for a Certificate of Appealability will be denied, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 6th day of January, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE